IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOTORANTIM CIMENTOS LTDA,<br><br>                    Petitioner,<br><br>      - against -<br><br>OXBOW CARBON AND MINERALS LLC,<br>SUCCESSOR IN INTEREST BY MERGER TO<br>APPLIED INDUSTRIAL MATERIALS<br>CORPORATION,<br><br>                    Respondent. | 08 CV 02232 (LBS)<br><br><br>**REPLY BRIEF IN SUPPORT OF<br>MOTION TO VACATE PARTIALLY<br>AND CONFIRM PARTIALLY<br>FINAL ARBITRATION AWARD** |

## I.

## THE PANEL'S DAMAGES AWARD AGAINST OXBOW
## WAS MADE IN MANIFEST DISREGARD OF THE LAW

Votorantim in its opposition does not even attempt to contest the well established rule of

remedies under the U.C.C. and applicable case law that a party to a contract may suspend its

performance under that contract when the other party breaches it. Nor does Votorantim contest

that Oxbow made exhaustive arguments in this regard, both orally and in briefing, in the remedy

phase of the arbitration, or even that the Panel entirely ignored such arguments. Instead,

Votorantim posits that Oxbow's arguments are either time barred or that Oxbow has waived

them, as Oxbow did not make them in the liability phase of the arbitration. Yet, Votorantim

simply ignores that the Panel *specifically ruled* that Oxbow could raise in the remedy phase the

issue of whether its performance had been excused by Votorantim's breach, thereby insulating

Oxbow from liability for damages.

When Oxbow informed the Panel that it would be briefing that it could not possibly be liable for damages in light of Votorantim's breach, the Panel ruled that "[b]ecause we said we would take everything, okay, *we will permit you to do that* . . . in the interest of giving everybody an opportunity to put whatever evidence they want to put before the panel . . ." *See* Goldman Decl., Exh. F; Transcript of Hearing dated July 16, 2007, at p.1119 (emphasis added).

Votorantim then objected to the Panel's decision on virtually identical grounds as the arguments that it now makes to this Court. The Panel, however, overruled that objection, and reiterated that:

> We wanted a clean record. We do not want to give an opportunity to a court of appeals to upset any award. *So we are going to take it all in* and I am going to say for the umpteenth time, we will give it the weight we think it's entitled to, period.

*See* Supp. Goldman Decl., Exh. A; Transcript of Hearing dated July 16, 2007, at pp. 1120-1121 (emphasis added).

Votorantim has not challenged the Panel's ruling regarding the admissibility of Oxbow's damages argument. And for good reason. Section 10(a)(3) of the Federal Arbitration Act allows only limited review of arbitrators' admissibility rulings. "It is well settled that 'the arbitrator is the judge of admissibility and relevancy of evidence submitted in an arbitration proceeding.'" *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*, 794 F. Supp. 1265, 1277 (S.D.N.Y. 1992); *see also Brandt v. Brown & Co. Securities Corp.*, No. 94 Civ. 6640 (JSM), 1995 WL 334381, at *4, (S.D.N.Y. June 5, 1995). Accordingly, because the Panel specifically ruled that Oxbow could argue in the remedies phase that Votorantim's breach insulated Oxbow from liability for damages, Votorantim's waiver and time bar assertions must be rejected.

Votorantim's argument that the Panel's award was at least "barely colorable" and thus must be confirmed also has no merit. According to Votorantim, the Panel was justified in awarding damages to Votorantim, as David Nestler of Oxbow testified that Votorantim had not "cancelled" or "abandoned" the contract and because Oxbow failed to give Votorantim a formal notice of termination under section 17.5 of the contract. Yet, the critical fact is that irrespective of Mr. Nestler's testimony, the Panel found that Votorantim *breached* the contract—which Votorantim does not contest—by refusing to take future delivery of petcoke from Oxbow. That breach amounted to a clear anticipatory repudiation of the contract, which, under U.C.C. section 2-610, allowed Oxbow to *suspend* its performance under the contract, regardless of whether it gave notice of termination to Votorantim.[1] *See Tenavision, Inc. v. Neuman*, 45 N.Y.2d 145, 150, 498 N.Y.S.2d 36, 38 (1978); *Turntables, Inc. v. Gestetner*, 52 A.D.2d 776, 777, 382 N.Y.S.2d 798, 799 (1st Dep't 1976); *Plasco, Inc. v. Nixdorff-Krein Mfg. Co.*, 547 F.2d 86, 88 (8th Cir. 1977). As Oxbow properly suspended its performance to Votorantim after Votorantim's breach, Oxbow obviously cannot be liable for damages due to such suspension. The Panel's award of damages to Votorantim was made with manifest disregard of the law.

## II.

### OXBOW WAS PREJUDICED BY
### THE PANEL'S *EX PARTE* COMMUNICATIONS

As shown in Oxbow's moving papers, the damages award to Votorantim should be vacated because the Panel engaged in *ex parte* communications that deprived Oxbow of a fair hearing, influenced the outcome of the arbitration, and went to the heart of this dispute. *See*

---

[1]    In any event, Oxbow's October 4, 2002 demand for arbitration satisfied the requirement that Oxbow provide notice of termination. *See Haumont v. Security State Bank*, 220 Neb. 809, 815, 374 N.W.2d 2, 7 (1985) (a party that seeks the aid of the court satisfies the requirement for giving notice of rescission of contract).

Memo. at pp.13-14; *see also, Spector v. Torenberg*, 852 F. Supp. 201, 209 (S.D.N.Y. 1994). Notwithstanding Votornatim's protestations to the contrary, the *ex parte* communications did not simply involve a harmless request for documents. Instead, they allowed the Panel to assist Votorantim in meeting its burden of proof by informing Votorantim, in the absence of counsel for Oxbow, exactly what it needed to produce to make its case. But, it is apparent, that the Panel, and in particular, Mr. Ring, may have gone even further in the *ex parte* session. Immediately after the *ex parte* meeting, Mr. Ring told Votorantim's witness, who had been present during that meeting, that "[w]e were talking about expediting this thing and maybe it helps you." Mr. Ring then launched into a script-like re-direct of the witness. *See* Goldman Decl., Exh. J; Transcript of April 12, 2007 Hearing, at pp. 862-64. For good reason, the chairman of the Panel admitted that he "was wrong to ask counsel for [Oxbow] to leave the room during this interval." Goldman Decl., Exh. A, at p. 17.

## III.

## THERE IS NO BASIS FOR VOTORANTIM'S REQUEST FOR ATTORNEYS' FEES

As its final salvo in opposition, Votorantim argues that it should be awarded attorneys fees for defending Oxbow's motion to vacate. Votorantim's request is unwarranted. Oxbow made its motion with sound legal basis and after diligent analysis. The *Habert* case upon which Votorantim relies bears no similarity to this case. In *Habert*, the arbitration award was challenged solely on the grounds that the Panel misinterpreted a provision in the parties' contract, and then appealed the district court's denial of that motion. In contrast, Oxbow has moved to vacate on several grounds, both of which provide independent justification for vacatur.

Oxbow does not argue that the Panel misinterpreted the U.C.C. remedy provisions but rather, having invited Oxbow to rely on those provisions, wrongfully ignored them, and ultimately issued an award of damages to Votorantim that had *no legal basis* whatsoever. Furthermore, Oxbow has been prejudiced by the Panel's *ex parte* communications with Votorantim.

## IV.

## CONCLUSION

For all the foregoing reasons, Oxbow respectfully requests that this Court vacate the award of damages to Votorantim and confirm the award of damages to Oxbow.

Dated: New York, New York
       July 18, 2008

PAUL, HASTINGS, JANOFSKY
& WALKER LLP


By: /s/_____
    Daniel B. Goldman (DG4503)
    Lawrence J. Conlan (LC2170)
    Attorneys for Respondent *Oxbow Carbon and Minerals LLC*
    75 East 55th Street
    New York, NY  10022-3205
    (212) 318-6000

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, the foregoing Reply Brief in Support of Motion to Vacate Partially and Confirm Partially the Final Arbitration Award was filed electronically and served upon the following counsel of record by UPS overnight mail in accordance with the Federal Rules of Civil Procedure and the Southern District of New York Local Civil Rules.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

George M. Chalos, Esq.
Chalos & Co., P.C.
123 South Street
Oyster Bay, New York 11771
*Attorneys for Petitioner*

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

/s/ Lawrence J. Conlan
      Lawrence J. Conlan (LC 2170)
75 East 55th Street
New York, New York 10022
(212) 318-6000

LEGAL_US_E # 79965554.1